**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4099-24

ANTHONY CHO,

     Plaintiff-Appellant,

v.

SPECIAL PROPERTIES REAL
ESTATE SERVICES, LLC, and
CHRISTIE'S INTERNATIONAL
REAL ESTATE NORTH JERSEY,
INC.,

     Defendants-Respondents.

_____

Submitted July 29, 2026 – Decided August 7, 2026

Before Judges Mayer and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6172-24.

Offit Kurman, attorneys for appellant (Scott B. Piekarsky, of counsel and on the briefs).

Christie's International Real Estate North Jersey, Inc, attorneys for respondents (Jacqueline Aleman, on the brief).

PER CURIAM

Plaintiff Anthony Cho appeals from an August 19, 2025 order dismissing his complaint against defendants Special Properties Real Estate Services, LLC (Special Properties) and Christie's International Real Estate North Jersey, Inc. (Christie's) with prejudice.[1]  We affirm.

Plaintiff purchased a home in 2019.  Jill McAuliffe was the real estate agent who handled plaintiff's home purchase.  McAuliffe worked for the real estate firm Special Properties and, by affiliation, with Christie's.  The real estate contract between plaintiff and Special Properties contained a "professional referrals" provision.  That provision stated plaintiff "may request the names of . . . tradespeople or other professionals" in connection with the purchase of his home.  The real estate contract further stated any referrals by Special Properties or its representatives "shall not be deemed to be a recommendation or testimony of competency of the person or persons referred."  Additionally, the real estate contract provided plaintiff would "hold [Special Properties] and/or salespersons harmless for any claim or action resulting from the work or duties performed" by any recommended professionals.

---

[1]  In 1995, Special Properties became a network affiliate of Christie's, engaging in the sale of real estate in northern New Jersey.

A-4099-24

McAuliffe purportedly recommended a specific person to plaintiff for renovation work. Based on this alleged recommendation, plaintiff contracted with Robert Harnett, doing business as RJH Construction (RJH), to perform renovation work on his home.

Plaintiff claimed RJH lacked the proper construction license, performed defective and unprofessional work, overbilled, and failed to complete the work per the construction contract. He also claimed that McAuliffe intentionally referred him to RJH as part of a kickback scheme and that she and her employer profited from the negligent and defective work performed by RJH.

In a separate lawsuit filed prior to this action, plaintiff sued McAuliffe and RJH (earlier lawsuit). Plaintiff expressly identified, but did not sue, Special Properties in the earlier lawsuit.[2]

In May 2022, plaintiff settled his claims against McAuliffe.[3] As part of the settlement, plaintiff released McAuliffe "individually and collectively" from all liability. The release included claims "that may have arisen out of the course of [plaintiff's] purchase of [his] residence" and stated that plaintiff would "not seek anything further" regarding such claims. The release of plaintiff's claims

_____

[2] A different attorney handled plaintiff's earlier lawsuit.

[3] Plaintiff obtained a default judgment against RJH in the earlier lawsuit.

A-4099-24

in the earlier lawsuit included McAuliffe and "all who succeed[ed] to [her] rights and responsibilities," including her real estate firm. Despite plaintiff's awareness of Special Properties' role as McAuliffe's real estate firm, the release did not preserve claims against Special Properties or its affiliate, Christie's. During the two years of litigation in the earlier lawsuit, plaintiff never amended his pleading to allege defendants engaged in profit sharing with negligent and unprofessional contractors.

Several years after resolving his claims against McAuliffe and RJH, plaintiff retained a different attorney to file a class action complaint against defendants on behalf of himself and others who were similarly situated. In the class action lawsuit, plaintiff claimed defendants had agreements with contractors and profited from referring individuals, including plaintiff, to those contractors. Plaintiff specifically alleged defendants illegally steered homebuyers to negligent contractors and those contractors either undertook unnecessary work or performed defective work. The class action lawsuit asserted claims against defendants for breach of contract and unjust enrichment.

In lieu of filing an answer, defendants moved to dismiss under Rule 4:6-2(e), arguing the claims in the class action lawsuit were barred by the entire controversy doctrine. Defendants asserted plaintiff could, and should, have

4

named defendants in his earlier lawsuit. Because defendants relied on documents beyond the pleadings, the judge converted the dismissal motion to a summary judgment motion under Rule 4:46. Plaintiff opposed the summary judgment motion.

The motion judge heard argument on July 3, 2025, and reserved decision. After hearing the arguments, the judge requested supplemental briefs on the applicability of the entire controversy doctrine.

In an August 19, 2025 order and attached written rider, the judge granted defendants' motion. The judge found the class action lawsuit was barred by the entire controversy doctrine because the claims "ar[o]se from the exact same core set of transactional facts as [plaintiff's] earlier suit" and "involve[d] the same parties and witnesses." The judge concluded "[p]laintiff was fully aware of Special Properties' involvement. . . and elected not to name it as a direct defendant" in his earlier lawsuit. The judge also found plaintiff's "omission of [Special Properties] as a defendant was not the result of ignorance or delay in discovery, but [] was a tactical decision." The judge rejected plaintiff's argument that the March 2022 release applied only to McAuliffe and did not include defendants.

5

Plaintiff filed a notice of appeal and the judge issued a September 25, 2025 written amplification in accordance with Rule 2:5-1(d). The judge explained that he issued the amplification because he inadvertently "failed to set forth the standard for a motion for [s]ummary [j]udgment." After reciting the standard for review on a motion for summary judgment, the judge again rejected plaintiff's argument that the "matter should not be barred by the [entire controversy doctrine] because it [wa]s styled as a putative class action, involve[d] broader public interest concerns, and target[ed] a different defendant that the one he previously settled with." As the judge wrote in his amplification:

> . . . Cho was the master of his own pleadings in the prior action, litigated [the earlier lawsuit] for two years, and made a deliberate choice to sue his real estate agent [McAuliffe], obtain a judgment against a contractor [RJH], and execute a settlement agreement and general release in favor of [McAuliffe] . . . . Cho was indisputably aware of McAuliffe's affiliation with Special Properties at the time of the earlier [lawsuit] and chose not to assert any claims against the brokerage, but now seeks to do so some six years after the transaction that g[a]ve[] rise to the dispute concluded, to the detriment of [Christie's], which is a successor to Special Properties and was not even a party to the transaction at the time [of the earlier lawsuit].

In the amplification, the judge stated "[l]itigation must be final, and parties are entitled to repose once claims arising from a common core of facts are adjudicated." The judge rejected plaintiff's "attempt . . . to present his claims

6

A-4099-24

in a different procedural format," reasoning the procedural posture of the class action lawsuit "did not alter the fact that [plaintiff's] individual claims were previously litigated to conclusion."

On appeal, plaintiff argues the judge misapplied the entire controversy doctrine in granting summary judgment to defendants and dismissing the class action lawsuit with prejudice.  We disagree.

We review the trial court's grant of a motion for summary judgment de novo, applying the same standard as the trial court.  Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022).  Rule 4:46-2(c) provides a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"The entire controversy doctrine embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one

court; accordingly, all parties involved in a litigation should . . . present in that proceeding all of their by claims and defenses that are related to the underlying controversy." Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989). The doctrine is premised upon "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." DiTrolio v. Antiles, 142 N.J. 253, 267 (1995) (citing Cogdell, 116 N.J. at 15). Rule 4:30A provides "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine."

"In determining whether a subsequent claim should be barred under th[e entire controversy] doctrine, 'the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions.'" Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting DiTrolio, 142 N.J. at 268). "[T]he polestar of the application of the rule is judicial 'fairness,'" meaning that, when deciding whether the doctrine applies, a court "should consider fairness to the court system as a whole, as well

8

as to all parties." Ibid. (citation and internal quotation marks omitted) (quoting DiTrolio, 142 N.J. at 272).

The entire controversy doctrine requires joinder of claims that "'arise from related facts or the same transaction or series of transactions' but need not share common legal theories." Bank Leumi USA v. Kloss, 243 N.J. 218, 226 (2020) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 119 (2019)). Under the case law, parties are barred from relitigating claims that arise from the same facts as earlier litigation even if those precise claims were not actually litigated.

Here, the judge found the entire controversy doctrine barred the class action lawsuit because plaintiff made a "tactical decision" by electing to withhold claims against defendants in his earlier lawsuit despite plaintiff knowing McAuliffe worked for Special Properties, an affiliate of Christie's. Because plaintiff's claims were barred, any potential class action claims were barred as well.

Contrary to plaintiff's argument, the facts in the class action lawsuit were the subject of plaintiff's earlier lawsuit. Plaintiff settled his claims against McAuliffe, the sales agent for Special Properties which was affiliated with Christie's. The settlement included a general release of any and all claims

A-4099-24

against McAuliffe's real estate firm. Although he referenced Special Properties in his earlier lawsuit, plaintiff elected not to name Special Properties in that action.

Having reviewed the record, plaintiff's class action lawsuit was barred by the entire controversy doctrine. Defendants could, and should have, been joined in plaintiff's earlier lawsuit. Despite plaintiff's efforts to recast the claims in the class action lawsuit as distinct from the claims in his earlier lawsuit, the claims in the class action lawsuit arise from the same set of facts. Specifically, defendants' purported kickback scheme related to recommending that new home buyers retain inferior or negligent contractors for construction work.

Plaintiff knew of the purported kickback scheme between Special Properties and various contractors because he identified Special Properties in his earlier lawsuit. Thus, plaintiff's claims against defendants in the class action lawsuit were not "unknown, unarisen or unaccrued at the time of the original action." Pressler & Verniero, Current N.J. Court Rules, cmt. 3.3 on R. 4:30A (2026).

A-4099-24

To the extent we have not addressed any of the parties' remaining arguments, those arguments lack sufficient merit to warrant a discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11

A-4099-24